IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CR. No. C-09-486 |
| | § | (C.A. No. C-11-8) |
| BENITO CHAVEZ, JR., | § | |
| | § | |
|     Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING MOTION TO REDUCE SENTENCE**

On July 22, 2010, the Clerk received Movant Benito Chavez, Jr.'s (Chavez) motion to amend his sentence pursuant to 18 U.S.C. §§ 3553(a), 3582(c)(I) and 28 U.S.C. § 2255. D.E. 23. The government filed its combined response and motion to dismiss. D.E. 26. Chavez did not file a reply. For the reasons set forth herein, Chavez' § 2255 motion is DENIED, he is DENIED a Certificate of Appealability, and his motion to amend his sentence pursuant to 18 U.S.C.§ 3582(c) is DENIED.

### I. FACTUAL BACKGROUND AND PROCEEDINGS

**A.   Summary of Offense**

Chavez was arrested in June 2009 at the Falfurrias, Texas Border Patrol Checkpoint after agents discovered 100 bundles of marijuana hidden in a load of wooden pallets. D.E. 1. After his arrest, Chavez was advised of his Miranda rights and refused to speak to agents.

**B.   Criminal Proceedings**

The day after his arrest, Chavez was brought before a federal Magistrate Judge and informed of the charges against him. D.E. 2. He retained counsel two days after his arrest. D.E. 4. Chavez was released on bond following a hearing. D.E. 6. The indictment issued in June 2009 charging Chavez

1

with possession with intent to distribute more than 100 kilograms, to wit: approximately 597 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). He was arraigned approximately a week later. Minute Entry June 30, 2009.

On July 28, 2009, Chavez signed a Memorandum of Plea Agreement with the government in which he waived his right to appeal or to file a motion pursuant to 28 U.S.C. § 2255. D.E. 13. He was rearraigned the same day. Minute Entry, July 28, 2009.

The Court ordered a Presentence Investigation Report (PSR). D.E. 17. The PSR calculated Chavez' base offense level based upon 597 kilograms of marijuana at 28, added 2 points for use of a special skill as a commercial truck driver and subtracted 3 points for acceptance of responsibility for a total offense level of 27. Id. at ¶¶ 10- 19. Chavez had no criminal history. Id. at ¶ 22. The Guideline sentencing range was 70-87 months. Id. at ¶ 38. Counsel filed objections (D.E. 16), seeking credit for safety valve, objecting to lack of mitigating role and to enhancement for use of a special skill. He requested drug treatment.

Sentencing was held in October 2009. The Court sentenced Chavez to 60 months, the statutory minimum sentence, to be followed by 4 years supervised release, no fine and a $100 special assessment. D.E. 20. The Court reminded Chavez that he had waived his right to appeal by the terms of his plea agreement. Minute Entry, October 26, 2009. Chavez did not appeal, but filed this motion.

## II.  MOVANT'S ALLEGATIONS

Chavez asks the Court to amend his sentence to define custody to include confinement in a Community Corrections Center or Halfway House and to order the Bureau of Prisons (BOP) to move him to such a facility. D.E. 23.

## III.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

**B.     Motion to Modify Sentence**

The government urges that the relief Chavez seeks is not cognizable pursuant to 28 U.S.C. § 2255 and that if it were, Chavez waived his right to bring such claims based upon the waiver in his plea agreement. D.E. 26 at 5-10. Although Chavez cited § 2255 in the caption of his motion, he also explicitly disavows seeking relief pursuant to § 2255 in the body of his motion. D.E. 23 at 3. Because the relief Chavez seeks is not properly the subject of a motion pursuant to § 2255 and he specifically disavows filing pursuant to § 2255, the Court denies the motion without prejudice. See United States v. Zepeda-Sturke, 2008 WL 190396 at *1 (S.D. Tex., Jan. 22, 2008) (declining to construe motion seeking sentence adjustment as motion to vacate pursuant to § 2255); United States v. Sanchez, 2007 WL 4410822 at *1 (S.D. Tex., Dec. 13, 2007) (declining to construe motion as § 2255). The Court does not address the waiver issue because the government did not file the transcript of rearraignment which is necessary to determine whether Chavez' waiver was proper.

**C.     Motion Pursuant to 18 U.S.C. § 3582**

Chavez' motion also requests relief pursuant to a subsection of § 3582, but the reference is not clear. The Court considers various portions of the statute that may apply.

1. *18 U.S.C. § 3582(c)(2)*

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) is extremely limited. Dillon v. United States, — U.S. ----, 130 S. Ct. 2683, 2687 (2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Id. However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); see also Freeman v. United States, —U.S.—, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. Dillon, 130 S. Ct. at 2690–91. This is not the relief Chavez seeks, and as such, this Court has no authority to modify his sentence pursuant to 18 U.S.C. §3582(c)(2).

2. *18 U.S.C. § 3582(c)(1(A)(I)*

Chavez also seeks relief which appears to be based upon subsection 3582(c)(1(A)(I). That provision allows a court to reduce the term of imprisonment as set out in the statute quoted below,

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>   (1) in any case--
>     (A) the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>       (I) extraordinary and compelling reasons warrant such a reduction; or
>       (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . .

Id. (emphasis added). Chavez does not qualify under that provision for a number of reasons, but the Bureau of Prisons must make the motion as a prerequisite for the Court to grant relief.

Another provision allows the Court to modify an imposed sentence, "to the extent otherwise permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Rule 35 requires a government motion for a reduction of sentence. The government has not made such a motion and opposes Chavez' motion. Relief is not available there.

    3.    *The relief sought is available pursuant to 28 U.S.C. § 2241*

This Court may not issue the order Chavez requests. The Bureau of Prisons has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B).[1] Moreover, the BOP is governed by statute which limits the time for pre-release CCC placement to twelve months. 18 U.S.C. § 3624(c) (1). The BOP has promulgated regulations that provide for initial review for placement in a residential facility 17-19 months before a prisoner's projected release date. Because Chavez challenges the conditions of his confinement, rather than the length of his confinement, his initial remedy is by administrative action within the BOP. The proper vehicle to challenge the BOP's administrative decisions is a petition pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted).

A challenge to the BOP's administrative decision pursuant to 28 U.S.C. § 2241, must be filed in the district where Chavez is incarcerated. See Pack, 218 F.3d at 451. The return address on

---

[1] The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . .

Id.

Chavez' current motion reflects that he is incarcerated at La Tuna, in Anthony, New Mexico. Although Chavez' return address reflects the prison's location as Anthony, New Mexico, the BOP lists the address of the facility as Anthony, Texas, on the border with New Mexico. The facility is located within the Western District of Texas. Thus, assuming Chavez remains incarcerated in La Tuna, he should file any § 2241 petition in the El Paso Division of the Western District of Texas, after first exhausting his administrative remedies.[2] Although his motion is denied, today's Order does not adjudicate the merits of Chavez' § 2241 complaints.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Chavez has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.

---

[2] The law requires that a defendant exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court. United States v. Wilson, 503 U.S. 329, 335 (1992).

United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Chavez is not entitled to a COA on his claim. That is, reasonable jurists could not debate the Court's resolution of his claim, nor does the issue deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Chavez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E.23) is DENIED WITHOUT PREJUDICE, his motion (D.E. 23) pursuant to 18 U.S.C. § 3582(c) is also DENIED WITHOUT PREJUDICE. He is also DENIED a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 30th day of September, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE